UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STACY HOLK, <br><br> Plaintiff, <br><br> v. <br><br> SNAPPLE BEVERAGE CORPORATION <br><br> Defendant. | Civil Action No. 3:07-cv-03018-MLC-JJH <br><br> **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SNAPPLE BEVERAGE CORPORATION'S MOTION TO DISMISS** <br><br> **MOTION HEARING NOVEMBER 19, 2007** <br><br> **ORAL ARGUMENT REQUESTED** |

**TORTORETI, TOMES & CALLAHAN, P.C.**
Philip A. Tortoreti, Esq. (PT-4465)
150 B Tices Lane
East Brunswick, New Jersey 08816
Telephone:   (732) 257-9100
Facsimile:   (732) 257-9012

**TUNNEY & HALBFISH**
Michael D. Halbfish, Esq.
245 Main Street
Woodbridge, New Jersey 07095
Telephone:   (732) 636-4900
Facsimile:   (732) 636-3755

**WILENTZ, GOLDMAN & SPITZER**
Lynne M. Kizis, Esq. (LK-0860)
Daniel R. Lapinski, Esq. (DL-7447)
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ  07095-0958
Telephone:   (732) 636-8000
Facsimile:   (732) 726-6686

*Attorneys for Plaintiff Stacy Holk*

## **TABLE OF CONTENTS**

**PAGE**

I. PRELIMINARY STATEMENT ..................................................................................1

II. STATEMENT OF FACTS .........................................................................................4

    A. SNAPPLE'S DECEPTIVE MARKETING, ADVERTISING AND PROMOTION OF SNAPPLE BEVERAGES .......................................................4

    B. THE REGULATORY SCHEME OF THE FDA ..................................................5

III ARGUMENT ...............................................................................................................7

    A. LEGAL STANDARD GOVERNING MOTION TO DISMISS ..........................7

    B. PLAINTIFF'S CLAIMS ARE NOT PREEMPTED BY FEDERAL LAW ...........8

        1. FFDCA Does Not Expressly Preempt Plaintiff's Claims............................9

        2. Plaintiff's Claims Are Not Impliedly Preempted By FFDCA ....................................................................................................12

        3. Plaintiff's Claims Are Not In Conflict With Objectives Of FFDCA ....................................................................................................14

    C. THE DOCTRINE OF PRIMARY JURISDICTION DOES NOT WARRANT DISMISSAL OF PLAINTIFF'S COMPLAINT ..............................15

        1. The Questions At Issue Are Within The Conventional Experience Of Judges And Do Not Involve Technical Or Policy Considerations Within The Agency's Particular Field Of Expertise.................................................................................16

        2. The Questions At Issue Are Not Particularly Within The FDA's Discretion.........................................................................................19

        3. The FDA Has Previously Considered The Issues Presented ....................20

        4. The Danger Of Inconsistent Rulings Is Not Substantial............................21

    D. PLAINTIFF'S CONSUMER FRAUD CLAIMS ARE PROPERLY PLED ........22

        1. Plaintiff Has Satisfied The Pleading Requirements Of Rule 9(b)..............................................................................................................23

## **TABLE OF CONTENTS**

**PAGE**

      2.    Plaintiff Has Satisfied The Pleading Requirements Of The New Jersey Consumer Fraud Act ...................................................................25

          a.    Plaintiff Has Alleged An Unlawful Conduct................................25

          b.    Plaintiff Has Alleged An Ascertainable Loss...............................26

          c.    Plaintiff Has Alleged A Causal Relationship ...............................28

E.    PLAINTIFF PROPERLY PLEADS A CLAIM FOR UNJUST ENRICHMENT................................................................................................29

F.    PLAINTIFF HAS PROPERLY STATED CLAIMS FOR BREACH OF EXPRESS AND IMPLIED WARRANTY ............................................31

IV    CONCLUSION ..............................................................................................................32

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

Baxter v. Ford Motor Co.,
 168 Wash. 456 (1932) ...........................................................................................30

Bell Atlantic v. Twombly,
 127 S.Ct. 1955 (2007) .......................................................................................7, 28

Board of Educ. v. Harris,
 622 F. 2d 599 (2d. Cir. 1979) ..........................................................................15, 17

Bogosian v. Gulf Oil Corp.,
 561 F.2d 434 (3d. Cir. 1977) ..................................................................................7

Buckman v. Plaintiffs' Legal Comm.,
 531 U.S. 341, 121 S.Ct. 1012 (2001) ...................................................................11

Capital Cities Cable, Inc. v. Crisp,
 467 U.S. 691, 104 S.Ct. 2694 (1984) ...................................................................12

Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co.,
 450 U.S. 311, 101 S.Ct. 1124 (1981) .....................................................................9

Consumer Justice Center v. Olympian Labs, Inc.,
 99 Cal. App. 4th 1056 (CA App. Div. 4th Dist. 2002) .........................................10

Cox v. Sears Roebuck & Co.,
 138 N.J. 2 (1994) ..................................................................................................25

Crosby v. National Foreign Trade Council,
 530 U.S. 363, 120 S.Ct. 2288 (2000) .....................................................................8

CSX Transportation, Inc. v. Easterwood,
 507 U.S. 658, 113 S.Ct 1732 (1993) .............................................................8, 9, 14

Dabush v. Mercedes-Benz USA, LLC,
 378 N.J. Super. 105 (App. Div. 2005) ............................................................25, 27

Duffy v. Samsung Electronics America, Inc.,
 2007 U.S. Dist. LEXIS 14792 (Mar. 2, 2007) .....................................................27

F. Bender Inc. v. Jos. L. Muscarelle, Inc.,
 304 N.J. Super. 282 (App. Div. 1997) .................................................................30

Far East Conference v. United States,
 342 U.S. 570, 72 S.Ct. 492 (1952) .......................................................................15

Fidelity Fed. Sav. & Loan Assoc. v. de la Cuesta,
 458 U.S. 141, 102 S.Ct. 3014 (1982) .............................................................12, 14

# TABLE OF AUTHORITIES

**PAGE**

Florida Lime & Avocado Growers, Inc. v. Paul,
   373 U.S. 132, 83 S.Ct. 1210 (1963) ............................................................................12, 13

Fontan-de-Maldonado v. Lineas Aereas Costarricenses, S.A.,
   936 F. 2d 630 (1st Cir. 1991) ...............................................................................................21

Franulovic v. The Coca-Cola Company,
   2007 U.S. Dist. LEXIS 79732 (Oct. 25, 2007)....................................................................26

Furst v. Einstein Moomjy, Inc.,
   182 N.J. 1 (2004)..................................................................................................................26

Gibbons v. Ogden,
   22 U.S. 1 (1824) ....................................................................................................................8

Glenside West Corp. v. Exxon Co., U.S.A.,
   761 F.Supp. 1100 (D.N.J. 1991)(Lechner)............................................................................7

Global Naps, Inc. v. Bell Atlantic-New Jersey, Inc.,
   287 F. Supp. 2d 532 (D.N.J. 2003).................................................................................16, 18

Golden Hill Paugussett Tribe of Indians v. Weicker,
   39 F. 3d 51 (2d. Cir. 1994) ..................................................................................................19

Goya Foods, Inc. v. Tropicana Products, Inc.,
   846 F.2d 848 (2d Cir. 1988) ...........................................................................................15, 17

Gutman v. Howard Sav. Bank,
   748 F.Supp. 254 (D.N.J. 1990)(Wolin) .................................................................................7

Hedges v. U.S.,
   404 F.3d 744 (3d Cir. 2005) ..................................................................................................7

Heindel v. Pfizer, Inc.,
   381 F. Supp. 2d 363 (D.N.J. 2004).......................................................................................31

Heller v. Coca-Cola Company,
   230 A.D. 2d 768 (N.Y. App. Div. 2d Dept. 1996) ..............................................................19

Henningsen v. Bloomfield Motors, Inc.,
   32 N.J. 358 (1960)................................................................................................................30

Hillsborough County v. Automated Med. Labs., Inc.,
   471 U.S. 707, 105 S.Ct. 2371 (1985) ....................................................................................8

Hishon v. King & Spalding,
   467 U.S. 69, 104 S.Ct. 2229 (1984) ......................................................................................7

Hochberg v. O'Donnell's Restaurant, Inc.,
   272 A.2d 846 (D.C. 1971)....................................................................................................32

# TABLE OF AUTHORITIES

**PAGE**

Hoyte v. Yum! Brands,
   489 F. Supp. 2d 24 (D.C.C. 2007)......................................................................................32

In re The Prudential Insurance Company of America Sales Practices Litigation,
   975 F. Supp. 584 (D.N.J. 1997)..........................................................................................31

In re: Human Tissue Products Liability Litigation,
   488 F. Supp. 430 (D.N.J. 2007)..........................................................................................18

International Union of Operating Engineers v. Merck & Co., Inc.,
   192 N.J. 372 (2007)......................................................................................................27, 28

Jones v. Rath Packing Co., 430 U.S. 519, 532, S. Ct. 1305 (1977) ...........................................13, 14

Jordan v. Fox, Rothschild, O'Brien & Frankel,
   20 F.3d 1250 (3d Cir. 1994)..................................................................................................7

Kehr Packages, Inc. v. Fidelcor, Inc.,
   926 F.2d 1406 (3d. Cir. 1991)...............................................................................................7

Kirtley v. Wadekar,
   2006 U.S. Dist. LEXIS 60309 (D.N.J. Aug. 24, 2006) (Greenaway) ................................23

Leon v. Rite Aid Corp.,
   340 N.J. Super. 462 (App. Div. 2001)................................................................................25

Louisiana Public Service Com'n v. F.C.C.,
   476 U.S. 355, 106 S.Ct. 1890 (1986) ...................................................................................8

Luckey v. Baxter Healthcare Corp.,
   1996 U.S. Dist. LEXIS 6252 (N.D. Ill. May 9, 1996)........................................................20

Markowitz v. Northeast Land Co.,
   906 F.2d 100 (3d Cir. 1990)............................................................................................8, 28

MCI Telecommunications Corp. v. Teleconcepts, Inc.,
   71 F.3d 1086 (3d Cir. 1995)................................................................................................15

Miller v. Am. Family Publishers,
   284 N.J. Super. 67 (Ch. Div. 1995)....................................................................................26

Morse v. Lower Merion Sch. Dist.,
   132 F.3d 902 (3d Cir. 1997)..................................................................................................8

N.J. Citizen Action v. Schering-Plough Corp.,
   367 N.J. Super. 8 (App. Div. 2003)....................................................................................25

Nader v. Allegheny Airlines, Inc.,
   426 U.S. 290, 96 S. Ct. 1978 (1976) ..................................................................................17

Naporano Iron & Metal Co. v. American Crane Corp.,
   79 F. Supp 2d 494 (D.N.J. 1999)........................................................................................22

## **TABLE OF AUTHORITIES**

**PAGE**

National Communications Ass'n Inc. v. American Tel. & Tel. Co.,
    46 F. 3d 220 (2d Cir. 1995) ............................................................................. 15, 16

Pacholec v. Home Depot USA, Inc.,
    2006 U.S. Dist. LEXIS 68976 (D.N.J. Sept. 26, 2006) ........................................ 24

Pelman v. McDonald's Corporation,
    237 F.Supp. 2d 512 (S.D.N.Y. 2003) ..................................................................... 5

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,
    998 F.2d 1192 (3d Cir. 1993) ................................................................................. 2

Plumley v. Massachusetts,
    155 U.S. 461, 15 S.Ct. 154 (1894) ....................................................................... 12

Potato Chip Institute v. General Mills, Inc.,
    333 F.Supp. 173 (D.Ne. 1971) ........................................................................ 13, 20

Prima v. Darden Rests., Inc.,
    78 F.Supp. 2d 337 (D.N.J. 2000) .......................................................................... 30

Rice v. Santa Fe Elevator Corp.,
    331 U.S. 218, 67 S.Ct. 1146, (1947) .................................................................. 9, 12

Saltiel v. GSI Consultants, Inc.,
    170 N.J. 297 (2002) .............................................................................................. 24

Sandoz v. Richardson-Vicks, Inc.,
    902 F. 2d 222 (1990) ....................................................................................... passim

Scheuer v. Rhoades,
    416 U.S. 232, 94 S.Ct. 1683 (1974) ....................................................................... 7

Seville Indus. Machinery Corp. v. Southmost Machinery Corp.,
    742 F.2d 786 (3d Cir. 1984) ................................................................................. 23

Shaw v. Delta Air Lines, Inc.,
    463 U.S. 85, 103 S. Ct. 2890 (1983) ...................................................................... 9

Solo v. Bed Bath & Beyond, Inc.,
    2007 U.S. Dist. LEXIS 31088 (Apr. 26, 2007) ....................................... 22, 26, 27

Talalai v. Cooper & Rubber Co.,
    360 N.J. Super. 547 (Law Div. 2001) .................................................................. 27

Talbott v. C.R. Bard, Inc.,
    63 F. 3d 25 (1st Cir. 1995) ................................................................................ 9, 11

Thiedemann v. Mercedes-Benz USA, LLC,
    183 N.J. 234 (2005) ........................................................................................ 25, 26

# TABLE OF AUTHORITIES

**PAGE**

Twin Milk Products Ass'n v. McNutt,
 122 F.2d 564 (8th Cir. 1941) .................................................................................5, 20

U.S. Material Supply, Inc. v. Korea Exchange Bank,
 417 F.Supp. 2d 652 (D.N.J. 2006)(Simandle) ................................................................7

Union Link Co. v. AT&T Corp.,
 352 N.J. Super. 671 (App. Div. 2002) ............................................................................26

United States v. 7 Jugs,
 53 F.Supp. 746, 752 (D. MN. 1944) ................................................................................5

United States v. Kensington Hosp.,
 760 F. Supp. 1120 (E.D. Pa. 1991) ..............................................................................24

United States v. Western Pacific R.R.,
 352 U.S. 59, 77 S.Ct. 161 (1956) .................................................................................15

Varacallo v. Mass. Mut. Life Ins. Co.,
 332 N.J. Super 31 (2000) ...........................................................................................28

VRG Corp. v. GKN Realty Corp.,
 135 N.J. 539 (1994) ...................................................................................................30

Wanaque Borough Sewage Auth. v. Twp. of West Milford,
 144 N.J. 564 (1996) ...................................................................................................29

Williams Pipe Line Company v. Empire Gas Corp.,
 76 F. 3d 1491 (10th Cir. 1996) ................................................................................18, 21

Wisconsin Pub. Intervenor v. Mortier,
 501 U.S. 597, 111 S.Ct. 2476 (1991) ............................................................................9

Zebersky v. Bed Bath & Beyond, Inc.,
 2006 U.S. Dist. LEXIS 86451 (Nov. 28, 2006) ..............................................................26

**Statutes**

15 U.S.C. §1125(a) ...........................................................................................................17

21 U.S.C. §301, *et seq.* ......................................................................................................5

21 U.S.C. §341 ..................................................................................................5, 6, 10, 20

21 U.S.C. §343, *et seq.* ..............................................................................................6, 10

21 U.S.C. §343-1(a)(1) ......................................................................................................6

21 U.S.C. §360k(a) ..........................................................................................................10

47 U.S.C. §252(b), (e)(1)) ................................................................................................18

N.J. Stat. Ann. §56:8-2 (2006) .........................................................................................25

# TABLE OF AUTHORITIES

**PAGE**

N.J.S.A. 12A:2-314 .................................................................................................31

Rogers v. Consolidated Rail Corp.,
  948 F.2d 858 (2d Cir. 1991) ...................................................................................9

**Rules**

Fed. R. Civ. Proc. 12(b)(6) .......................................................................................7

Fed. R. Civ. Proc. 9(b) ...............................................................................22, 23, 24

**Federal Regulations**

58 Fed. Reg. 2302, 2407-2408 (Jan. 6, 1993) .....................................................6, 21

**Other Authorities**

21 C.F.R. §§101.70-83 .............................................................................................5

21 C.F.R. §101.100 ...................................................................................................5

21 C.F.R. §101.13 .....................................................................................................5

21 C.F.R. §101.14 .....................................................................................................5

21 C.F.R. §101.22 .....................................................................................................5

21 C.F.R. §101.4 .......................................................................................................5

21 C.F.R. §101.54 .....................................................................................................5

21 C.F.R. §101.56 .....................................................................................................5

21 C.F.R. §101.60-62 ...............................................................................................5

21 C.F.R. §101.65 .....................................................................................................5

21 C.F.R. §101.69 .....................................................................................................5

21 C.F.R. §101.9 .......................................................................................................5

21 C.F.R. §172.804(c)(6) ........................................................................................19

21 C.F.R. §210.3(b)(7) ............................................................................................18

21 C.F.R. §343-1 .....................................................................................................10

21 C.F.R. 7.40(a) .....................................................................................................19

U.S. Const., Art. VI, cl. 2 .........................................................................................8

I.  **PRELIMINARY STATEMENT**

Plaintiff Stacy Holk, by and through her undersigned attorneys, submits the following memorandum of law in opposition to Defendant Snapple Beverage Corporation's ("Snapple") Motion to Dismiss.

For years, Snapple has made millions of dollars in profits by marketing, advertising and promoting its line of beverages as "All Natural," despite the fact the beverages contain high fructose corn syrup ("HFCS"), a highly processed sugar substitute. Until recently, when consumer awareness regarding food content and health increased, the lay consumer was easy prey for Defendant's unlawful actions. On May 18, 2007, Plaintiff filed a putative class action in the Superior Court of New Jersey, Monmouth County vicinage, on behalf of herself and all New Jersey persons similarly situated who purchased 1) a Snapple "All Natural" beverage that contained high fructose corn syrup ("HFCS"); 2) an improperly labeled Snapple "juice drink;" and/or 3) a Snapple "red tea" beverage. Following the filing of Defendant's Notice of Removal, which resulted in the removal of the action to this Court, and its motion to dismiss Plaintiff's Class Action Complaint, the parties stipulated to Plaintiff's filing of her First Amended Class Action Complaint ("FAC") in lieu of filing an opposition to Defendant's motion to dismiss. On October 8, 2007, Plaintiff filed her FAC and, on October 18, 2007, Defendant filed pending motion.

Despite Defendant's "fire and brimstone" preaching, this case is not about whether Snapple products satisfy U.S. Food and Drug Administration ("FDA") mandated labeling requirements (Deft. Memo at 3),[1] or whether Snapple has failed to comply with the panoply of

---

[1] The Memorandum of Law in Support of Defendant Snapple Beverage Corporation's Motion to Dismiss Plaintiff's First Amended Class Action Complaint shall be referred to at "Deft. Memo," with specific page references identified as "Deft. Memo at ___."

rules, regulations, pronouncements, and policy guidance promulgated by the FDA (Deft. Memo at 4), or Plaintiff's attempts to establish food and beverage labeling requirements for the Nation (Deft. Memo at 5). Nor is this case about the "nutrient content and health claims" made by Snapple regarding its beverages (Deft. Memo at 5). To the contrary, this case is about Defendant's deceptive marketing, advertising and promotion of its beverages as "All Natural," and the fact that Defendant's beverages do not conform to the promises and affirmations made by Defendant. Defendant's compliance, or failure to comply, with FDA labeling regulations does not shield if from culpability for the unlawful representations included on its website, in television, radio and print advertisements, and on those parts of the product label that are not subject to FDA regulation.[2] Plaintiff's FAC alleges that Defendant's conduct gives rise to several causes of action: Count I is a New Jersey Consumer Fraud Act ("CFA") claim; Count II is a claim of Unjust Enrichment and Common Law Restitution; Count III is a Breach of Express Warranty claim; and Count IV is a Breach of Implied Warranty of Merchantability claim. The factual basis for Plaintiff's claims are set forth in the FAC and generally allege that Snapple

---

[2] In support of its motion, Snapple requests that the Court take judicial notice of a copy of a single product label and a single website page that are both outside the pleadings. Although Plaintiff does not object to Defendant's proffering of the product label, the Court should deny Defendant's request for judicial notice of the website page. Federal Rule of Evidence 201(b) provides "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Court should deny Snapple's request for judicial notice because the extraneous document is subject to reasonable dispute as to its authenticity and not generally known to the Court. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)(holding that a court may only consider a document attached as an exhibit to a motion to dismiss if it is undisputedly authentic). However, should the Court decide to consider the Snapple website, Plaintiff respectfully requests that she be permitted to provide a copy of the entire website that was extant at or about the time Plaintiff's Complaint was filed, as distinguished from the copy of the single website page Defendant has attached to its brief.

marketed, advertised, promoted and distributed its drinks in the following misleading and/or inaccurate and/or deceptive manner:

- Snapple represents that its beverages are "All Natural" when, in fact, the product actually contains high fructose corn syrup, an artificial, highly processed ingredient. See Complaint, ¶¶ 2, 22-33;

- Snapple represents that certain of its beverages contain specific fruit juices, notwithstanding the fact that the beverages do not contain any such specific juices. See Complaint, ¶¶ 2, 34-36.[3]

In an attempt to deflect attention from its violative actions, Snapple directs the Court to a plethora of unrelated federal regulations and erroneously argues that federal law preempts Plaintiff's claims. Defendant further posits that it is immune from judicial recourse and that Plaintiff's sole recourse is to petition the Food and Drug Administration ("FDA"), requesting changes to current regulations. Defendant's stance, however, disregards the firmly entrenched precept that the historic police powers of the States are not to be superseded by Federal Act unless it was the <u>clear and manifest</u> purpose of Congress to do so.

The Court should deny Defendant's motion to dismiss because, contrary to its argument, Plaintiff's claims are not preempted by federal law. The Court should further deny Defendant's motion to dismiss because dismissal of Plaintiff's claims is not warranted under the doctrine of primary jurisdiction. Finally, the Court should deny Defendant's motion to dismiss because, in

---

[3] Plaintiff voluntarily withdraws, without prejudice, its claim against Snapple concerning representations that its beverages contain specific fruit juices, notwithstanding the fact that the beverages do not contain any such specific juices. In so doing, Plaintiff does not in any way concede that she is preempted from pursuing such a cause of action based upon these representations, or that Defendant, in making such representations, has complied with FDA regulations pertaining to product labeling. Indeed, Plaintiff maintains that Snapple's products violate more than one FDA labeling regulation.

contrast to Defendant's argument, Plaintiff has properly plead causes of action under the CFA as well as the applicable express and implied warranty provision of New Jersey Law. Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must therefore be denied and this case must be allowed to proceed.

## II.   STATEMENT OF FACTS

### A.   SNAPPLE'S DECEPTIVE MARKETING, ADVERTISING AND PROMOTION OF SNAPPLE BEVERAGES

Snapple manufactures, markets, advertises, distributes and sells Snapple beverages throughout the United States, including the State of New Jersey. According to Cadbury-Schweppes, the parent company of Snapple, consumers drank over 150 million gallons of Snapple in 2000 – more than half a gallon for every person in the United States. Snapple's line of beverages includes, among others, iced teas and juice drinks. In it's advertising, which includes television, radio, print and internet advertisements, as well as representations on its beverage labels, Snapple represents that its products are "All Natural," despite the fact the beverages contain HFCS. As compared to being "All Natural," HFCS is a highly processed sugar substitute. HFCS does not exist in nature – it is produced by processing cornstarch to yield glucose, and then processing a significant portion of the glucose to produce fructose. Acids and enzymes are needed to break down cornstarch, which is composed of long chains of glucose molecules, into the simple sugar glucose and then, partially into fructose. In order to get a high percentage of fructose in the HFCS, two (2) additional steps are necessary. A liquid chromatography step takes the mixture to 90 percent fructose. A "back-blending" with the original mixture to yield a final concentration of HFCS then follows the chromatography. IN short, HFCS is not "All Natural" and any product containing the ingredient should not be represented as such.

4

**B.   THE REGULATORY SCHEME OF THE FDA**

With historical roots dating back to 1906, Congress enacted the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §301, *et seq.*, under its broad power to regulate interstate commerce. The purpose of the Act is to protect the public health and pocketbook against adultered and misbranded foods and drugs,[4] and to ensure that consumers have access to information about foods and beverages that is scientifically valid, truthful, reliable, understandable and not misleading.[5] The FFDCA empowers the FDA to implement rules and regulations governing food and beverage labeling. Pursuant to its authority, "whenever <u>in the judgment of the Secretary</u> such action will promote honesty and fair dealing in the interest of consumers, <u>he shall promulgate regulations</u> fixing and establishing for any food... a reasonable definition and standard of identity." 21 U.S.C. §341 (emphasis added). The right to make the judgment is equivalent to a discretionary power to act[6] and any such definitions and standards implemented in furtherance of the Act are codified in the Code of Federal Regulations.

As detailed by Defendant, the FDA has promulgated extensive regulations governing various aspects of labeling, including ingredients (21 C.F.R. §101.4, 101.22 & 101.100), nutritional information (<u>Id</u>. §101.9), nutritional content claims (*id.* §§ 101.13, 101.54, 101.56, 101.60-62, 101.65 & 101.69), and health claims (*id.* §§ 101.14, 101.70-83). (Deft. Memo at 8-9). However, glaringly absent from the extensive regulations promulgated by the FDA are regulations governing the use of the term "All Natural" and/or representations that a product is "All Natural." No such regulation exists because, when presented with the opportunity to establish any such rulemaking, the FDA promulgated the position that "there are many facets of

---

[4] <u>United States v. 7 Jugs</u>, 53 F.Supp. 746, 752 (D. MN. 1944).
[5] See <u>Pelman v. McDonald's Corporation</u>, 237 F.Supp. 2d 512, 517 fn. 1 (S.D.N.Y. 2003).
[6] <u>Twin Milk Products Ass'n v. McNutt</u>, 122 F.2d 564, 566 (8th Cir. 1941).

5

this issue that the agency will have to carefully consider <u>if it undertakes a rulemaking</u> to define the term 'natural'"… <u>FDA is not undertaking rulemaking to establish a definition for 'natural' at this time.</u>" 58 Fed. Reg. 2302, 2407-2408 (Jan. 6, 1993)(emphasis added).[7] Despite its awareness that the FDA has chosen to not define or regulate use of the term "All Natural" in promulgating labeling requirements, Defendant attempts to mislead the Court by erroneously arguing that "the FDA has promulgated extensive regulations governing all aspects of such labeling," (Deft. Memo at 8) and asking the Court to infer a definition for "All Natural" from the FDA's regulations regarding "natural flavors" (Deft. Memo at 9) ("In addition, the FDA has established a definition for 'natural flavors' that specifies the type of processing that can be undergone by products labeled as 'natural flavors.'")

Pursuant to 21 U.S.C. §343, *et seq.*, as amended by the Federal National Labeling and Education Act ("NLEA"), 21 U.S.C. §343-1(a)(1), no state or political subdivision of a state may establish "any requirement for a food <u>which is the subject of a standard of identity established</u> under section 401 [ 21 USCS §341]." (emphasis added)  However, as outlined above, the term "All Natural" is not the subject of a standard of identity established under 21 U.S.C. §341. Therefore, a state is not preempted from establishing rules to protect it consumers from the misleading, deceptive and inaccurate use of the term.

---

[7] The FDA's decision NOT to undertake rulemaking to define the term "natural" was reiterated as recently as December 2005.  See FDA letter to A. Zamora, attached to Deft. Memo at Exhibit C.  ("Because of resource limitations and other agency priorities, FDA is not undertaking rulemaking to establish a definition for "natural" at this time.").

6

## III  ARGUMENT

### A.  LEGAL STANDARD GOVERNING MOTION TO DISMISS

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court should sk "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1969 n. 8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974)); U.S. Material Supply, Inc. v. Korea Exchange Bank, 417 F.Supp. 2d 652 (D.N.J. 2006)(Simandle); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984). In so analyzing, the Court should deny a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer, 416 U.S. at 236. The court "must accept as true any an all reasonable inferences derived from those facts stated in the complaint. U.S. Material Supply, 417 F.Supp. 2d at 654; Glenside West Corp. v. Exxon Co., U.S.A., 761 F.Supp. 1100, 1107 (D.N.J. 1991)(Lechner); Gutman v. Howard Sav. Bank, 748 F.Supp. 254, 260 (D.N.J. 1990)(Wolin). The court must view all allegations in the complaint in "the light most favorable to the plaintiff." See Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). It is not necessary for the plaintiff to plead evidence, and it is not necessary to plead the facts that serve as the basis of the claim. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d. Cir. 1977).

Finally, the defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d. Cir. 1991)). Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true

and construing them in a light most favorable to the nonmovant, Plaintiff's allegations state a legal claim. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). A motion to dismiss should be granted only "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

### B. PLAINTIFF'S CLAIMS ARE NOT PREEMPTED BY FEDERAL LAW

Under the Supremacy Clause, U.S. Const., Art. VI, cl. 2, states laws that interfere with, or are contrary to the laws of Congress made in the pursuance of the Constitution are invalid. Gibbons v. Ogden, 22 U.S. 1 (1824). This doctrine holds that federal statutes and regulations may only preempt state law in the following circumstances: (1) the language of the statute or regulation expressly preempts state law; (2) Congress implemented a comprehensive regulatory scheme in a given area, removing the entire field from state law; or (3) state law as applied conflicts with federal law. See Crosby v. National Foreign Trade Council, 530 U.S. 363, 372, 120 S.Ct. 2288 (2000); Louisiana Public Service Com'n v. F.C.C., 476 U.S. 355, 368, 106 S.Ct. 1890 (1986).

Despite the supremacy of federal law, a party seeking preemption of state law bears a heavy burden. There is a strong presumption against preemption that may be overcome only by a "clear and manifest" congressional intent to the contrary. Hillsborough County v. Automated Med. Labs., Inc., 471 U.S. 707, 715, 105 S.Ct. 2371 (1985); CSX Transportation, Inc. v. Easterwood, 507 U.S. 658, 663-664, 113 S.Ct 1732, 1737 (1993)("In the interest of avoiding unintended encroachment on the authority of the States [] a court interpreting a federal statute pertaining to a subject traditionally governed by state law will be reluctant to find preemption."). Put differently, "[p]reemption of state law by federal statute or regulation is not favored 'in the

absence of persuasive reasons – either that the nature of the regulated subject matter permits no other conclusion, or that Congress has unmistakably so ordained.'" Rogers v. Consolidated Rail Corp., 948 F.2d 858, 859 (2d Cir. 1991) quoting Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 317, 101 S.Ct. 1124 (1981). In fact, the Supreme Court has shown great reluctance in finding preemption absent clear Congressional intent. Wisconsin Pub. Intervenor v. Mortier, 501 U.S. 597, 607, 111 S.Ct. 2476 (1991); Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, (1947). Thus, any analysis of federal preemption must begin with the assumption that Congress did not intend to interfere with the states' policy decisions to give their citizens remedies for violation of state law. Analyzing federal preemption with such and assumption, Defendant's motion to dismiss Plaintiff's claims pursuant to federal preemption must be denied.

### 1. FFDCA Does Not Expressly Preempt Plaintiff's Claims

Courts take a two-fold analysis in determining whether a claim is expressly preempted by federal statute. In the first instance, "evidence of preemptive purpose is sought in the text and structure of the statute at issue." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 95, 103 S. Ct. 2890 (1983). "If the statute contains an express pre-emption clause, the task of statutory construction must in the first instance focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' pre-emptive intent." CSX Transportation, 507 U.S. at 664; Talbott v. C.R. Bard, Inc., 63 F. 3d 25, 27 (1st Cir. 1995)(Congressional intent must be expressed explicitly in the language of the statute). The issue thus becomes whether the FDA has issued regulations covering the same subject matter as Plaintiff's state law claims. Id.; Mortier, 501 U.S. at 606 (finding no language in FIFRA that expressly superceded local regulations); compare Talbott, 63 F. 3d at 27 (holding that §360k(a) of the Medical Device Act explicitly preempted claims). In that regard, the FDA has not promulgated any rulemaking governing the use of the term "All

9

Natural" in marketing, promoting, advertising or labeling of foods or beverages. To the contrary, the FDA has affirmatively stated that it "is not undertaking rulemaking to establish a definition of 'natural' at this time." 58 FR 2302 (emphasis added). This is a fact that Defendant simply cannot avoid. Defendant has failed to establish that FDA regulations specifically apply to Plaintiff's claims. Accordingly, Plaintiff's claims are not expressly preempted by the statutory construction of the FFDCA. Id. at 669.

The second phase of express preemption analysis places focus on whether preemption may be inferred from statutory construction. In the present matter, field preemption of Plaintiff's claims cannot be inferred because §§343 and 343-1 undercut such an inference. §343-1(a) declares, "no State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce (1) any requirement for a food which is the subject of a standard of identity established under section 401 [21 U.S.C.S. §341] that is not identical…" This language would serve no purpose, and would simply be surplus, if Congress had intended to occupy the entire field of food and beverage labeling. See Mortier, 501 U.S. at 613 (Refusing to infer express preemption where FIFRA provision stating "such State shall not impose or continue in effect any requirements for labeling and packaging in addition to or different from those required under…" would be pure surplusage if Congress had intended to occupy the entire field of pesticide regulation.); Consumer Justice Center v. Olympian Labs, Inc., 99 Cal. App. 4th 1056, 1063 (CA App. Div. 4th Dist. 2002) (finding that because Congress wrote a specific preemption provision for medical devices in the FFDCA, 21 U.S.C. §360k(a), the obvious implication is that no preemption was intended for other items covered by the Act.).

Snapple's arguments in support of express preemption are unpersuasive, due in large part to the fact that the case law relied upon by Defendant is easily distinguishable from the present matter. For example, Defendant relies upon Buckman v. Plaintiffs' Legal Comm., 531 U.S. 341, 121 S.Ct. 1012 (2001), to argue that Plaintiff is precluded from pursuing a private right of action. (Deft. Memo at 15). However, in Buckman, the issues before the court were much different than the present matter. In Buckman, plaintiff alleged that defendant had made fraudulent representations to the FDA and, as a result of the fraudulent representations, plaintiff had suffered injury. Id. at 343. In precluding a private right of action the Supreme Court held that "Policing fraud against federal agencies is hardly a 'field which the States have traditionally occupied,'" Id. at 347 (internal citation omitted) and further held that "the federal statutory scheme amply empowers the FDA to punish and deter fraud against the Agency." Id. at 348. In contrast to Buckman, Plaintiff does not allege that Defendant committed a "fraud on the FDA." Instead, Plaintiff alleges that Defendant's marketing, advertising and promotion of Snapple beverages as "All Natural" violate the CFA and various other New Jersey laws. Unlike Buckman, the federal statutory scheme is not amply empowered to punish and deter such activity. Defendant's reliance on Talbott is similarly misplaced in that, in Talbott, the issue did not involve interpretation of state law. Instead, Talbott dealt with the issue as to whether defendant had violated a federal statute, thereby opening the door for plaintiff to pursue a cause of action due to defendant's non-complaince. See Talbott, 63 F. 3d at 27-28.[8] Plaintiff does not

---

[8] Talbott is also distinguishable from the present matter in that defendant's alleged statutory violation involved a product that required FDA approval before it could be marketed to consumers. Not such pre-market approval is required for foods and beverages.

11