UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STACY HOLK, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>SNAPPLE BEVERAGE CORPORATION,<br><br>            Defendant. | CIVIL ACTION<br><br>Civil Action No. 3:07-cv-03018-MLC-LHG |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff Stacy Holk ("Plaintiff") and Defendant Snapple Beverage Corporation ("Defendant" or "Snapple") have agreed that certain proprietary, confidential and sensitive information that may be disclosed or disseminated in this case should be kept confidential in certain circumstances. The parties have advised the Court that they agree to the terms and procedures set forth in this Stipulated Confidentiality and Protective Order (hereinafter the "Protective Order") to implement these protections of trade secret, proprietary, confidential, commercial, business, financial or personal information, and documents containing such information (hereinafter collectively referred to as "Confidential Materials"). Having reviewed the terms of the parties, and for good cause shown pursuant to Fed. R. Civ. P. 26(c)(1), the Court now ORDERS:

**Scope of Order**

1. This Protective Order applies to all information including, without limitation, documents, writings, electronically stored information, video or audio tapes, computer-generated or recorded information in any form, materials, oral or written testimony, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts

#3895169 (149646.002)

and exhibits, and other responses to requests for information, produced by a litigant or a third party ("Producing Party") in response to discovery requests propounded in this litigation ("Discovery Material").

### Designation of Confidential Materials

2. A Producing Party may designate as "Confidential" any of its Discovery Material that it believes in good faith constitutes, contains, reveals, or reflects proprietary or confidential business, technical, or financial information, including, but not limited to: trade secrets; business strategies; marketing research, plans, transactions, and strategies; tax information; proprietary contracts; competitive analyses; costs; pricing; market development and planning; salaries and other employment terms; strategic plans; and analysis and discussion concerning possible business combinations. The designations shall be made or supervised by an attorney, and the designation of Discovery Material by the Producing Party as "Confidential" shall constitute a representation by that party that there is good cause for such designation.

3. Discovery Material other than deposition testimony may be designated as "Confidential," pursuant to paragraph 2, *supra*, by placing on or affixing to each page of the document or on the object container (in such manner as will not interfere with the legibility thereof) the designation "Confidential." Deposition testimony may be designated as Confidential, when appropriate to do so, on the record at the deposition or by written notice sent to all parties within ten (10) business days of the receipt of the final transcript from the court reporter (but not including any time a witness may take to read and/or sign such transcript), providing that the entire deposition transcript or testimony, or part thereof, is so designated. All deposition transcripts or testimony will be deemed and treated as Confidential until ten (10) business days after the receipt of a final transcript from the court reporter (but not including any

time a witness may take to read and/or sign such transcript), at which time, unless testimony is designated as "Confidential," it will not be deemed as such.

4. "Confidential" Discovery Material, or information derived therefrom, shall be used solely for purposes of the litigation in *Holk v. Snapple Beverage Corp.*, No. 3:07-cv-03018-MLC-LHG, in the United States District Court for the District of New Jersey, and in *Weiner v. Snapple Beverage Corp.*, No. 1:07-cv-08742 (DLC), in the United States District Court for the Southern District of New York, and shall not be used for any other purpose, including, without limitation, any other business or commercial purpose.

**Disclosure of Confidential Material**

5. Discovery Materials designated "Confidential," and the information contained therein, including any extract, abstract, chart, database, spreadsheet, summary, note, or copy made therefrom (collectively "Confidential Material"), may be disclosed only to the following persons:

(a) Outside counsel who represent the parties that have appeared in this litigation ("Outside Counsel"), regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the conduct of the litigation for use in accordance with this Protective Order;

(b) Outside experts necessary to assist Outside Counsel, provided that (1) each such person signs a written Non-Disclosure Certificate in the form attached, agreeing to be bound by this Protective Order and to be subject to the jurisdiction of this Court for the purpose of enforcement of this Protective Order; and (2) that all Non-Disclosure Certificates shall be maintained for the pendency of the above-captioned proceeding by the party retaining the Outside Expert ("Outside Expert" means testifying expert witnesses or nontestifying consultants who have been retained to assist Outside Counsel with respect to *Holk v. Snapple Beverage Corp.*, No. 3:07-cv-03018-MLC-LHG, in the United States District Court for the District of New Jersey, and who are not directors, officers, or employees of any of the parties or of any affiliates of the party);

(c) Directors, officers, or employees of each party who are currently employed or formerly were employed by one of the parties and who are assisting the parties in the litigation, or who appear as witnesses;

#3895169 (149646.002)

(d)     A third-party witness (not a director, officer, or employee of a party or of an affiliate of a party) in the litigation not otherwise authorized to view the Confidential Material in question, during that witness's testimony at a deposition, hearing, or trial in the above-captioned case, or, to the extent necessary, during the course of preparing that witness for testimony at a deposition, hearing, or trial in the above-captioned case;

(e)     The Court and court personnel, court reporters, stenographers, jurors and alternate jurors, if any;

(f)     Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party; and

(g)     Other persons to whom the Producing Party specifically and in writing allows disclosure.

Nothing in this Protective Order, however, prevents any use by a Producing Party of those Discovery Materials that it produces.

6.     Each individual given access to Confidential Material pursuant to the terms of this Protective Order shall be advised that the Confidential Material is being disclosed pursuant to the terms of this Protective Order, and may not be disclosed or used other than pursuant to the terms thereof.

**Challenges to Designations**

7.     Any party may object to the designation of any Discovery Material as "Confidential" by giving written notice to the Producing Party that it objects to the designation. If any objection is interposed, the parties shall confer within ten (10) business days after the objection. If the parties are unable to resolve the dispute, after conferring any party may request relief from the Court. Until the Court rules on the motion, the documents shall be treated as "Confidential." In the event such a motion is filed, the Producing Party shall have the burden of establishing that the Discovery Material is entitled to the "Confidential" designation.

#3895169 (149646.002)

**Pleadings Containing Confidential Materials**

8. Any person wishing to file Confidential Materials or documents containing information obtained from Confidential Materials with the shall simultaneously make a formal motion to seal or otherwise restrict public access to the Confidential Materials pursuant to L. Civ. R. 5.3(c). As per L. Civ. R. 5.3(c), any materials deemed Confidential Materials shall be designated as such and shall remain sealed until such a time as the formal motion is decided.

**Use of Confidential Materials at Hearings and Trial**

9. <u>Pretrial Hearings.</u> Prior to any party's use of Confidential Material in a pretrial hearing, that party shall notify the designating party of the intended use. The designating party shall have the right to request that the Court take steps to ensure the continued confidentiality of the Confidential Material, including an *in camera* inspection or the removal of nonparty members of the public or media from the court, and the ordering of all transcripts, exhibits and argument regarding the Confidential Material to be sealed in the Court's records.

10. <u>Trial.</u> In the list of exhibits the Parties intend to use at trial, the Parties should designate which intended exhibits include Confidential Material. It is the responsibility of the party using an exhibit containing Confidential Material to ensure that such information shall not be publicly displayed or disclosed. However, this Protective Order shall not prevent witnesses from testifying about the contents of the Confidential Material, nor restrict the submission of duly admitted exhibits containing Confidential Material to the Court or jury. In instances where the use of Confidential Material cannot be anticipated in advance of trial and at the designated time for identification of exhibits, the party intending to use the Confidential Information shall notify the designating party before introduction of the material, and the Parties shall have the right to immediately seek the Court's ruling. This Protective Order does not preclude or restrict

the Court's ability to receive and address challenges to this Section 10 from media or other interested parties based on First Amendment or other appropriate grounds.

**Inadvertent Productions**

11. If Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall within three (3) business days upon learning of such disclosure inform the Producing Party of all pertinent facts relating to the disclosure, and make every effort to retrieve the Confidential Material and to prevent any disclosure by such unauthorized person.

12. If a Producing Party learns that it erroneously or inadvertently failed to designate any Discovery Material as "Confidential," the Producing Party may provide to all parties written notice of its intention to designate the Discovery Material as "Confidential" and furnish an additional copy of the Discovery Material marked as "Confidential" within ten (10) business days after discovering the inadvertent failure to designate the Discovery Material as "Confidential." Any receiving party has ten (10) days to object to the late designation of Confidential Material. If no objection is interposed then, within ten (10) days of receipt of the additional copy of the Discovery Material, each party shall return or certify the destruction of all copies of such Discovery Material not marked "Confidential." Failure of any party to object pursuant to this Section 12 shall not constitute a waiver of the party's right to challenge such designation at a later date pursuant to Section 7, *supra*. If any objection is interposed, the parties shall confer within ten (10) business days after the objection. If the parties are unable to resolve the dispute, after conferring any party may request relief from the Court. The disputed materials shall be treated as "Confidential" until the Court rules on the motion.

#3895169 (149646.002)

13.  If a Producing Party becomes aware that it erroneously or inadvertently produced material that is subject to the protection of any privilege, the Producing Party may notify the receiving party of such inadvertent production and request such material be returned and not used in any aspect of the litigation no later than the earlier of (a) ten (10) business days after discovery of the inadvertent production; or (b) ten (10) business days after the Discovery Material is first marked as a deposition exhibit, identified as a potential trial exhibit, or otherwise identified by any party in any pleading or correspondence served on the Producing Party in this action. Any receiving party has five (5) days to object to the late assertion of privilege over the Discovery Material. If no objection is interposed then, within ten (10) days of receipt of the notification, the receiving party shall return or certify the destruction of all copies of such Discovery Material. If any objection is interposed, the parties shall confer within five (5) business days after the objection. If the parties are unable to resolve the dispute, after conferring any party may request relief from the Court. The disputed materials shall be treated as "Confidential" until the Court rules on the motion.

**Subpoenas**

14.  If any person or entity possessing Confidential Material is subpoenaed in another action or proceeding or served with a document demand, and such subpoena requests the production of Confidential Material, the person receiving the subpoena shall give prompt written notice to counsel for the Producing Party. The burden of opposing the enforcement of the subpoena shall fall upon the Producing Party. Unless the Producing Party obtains an order directing that the subpoena not be complied with, and serves such order upon the party subject to the subpoena prior to production pursuant to the subpoena, the party subject to the subpoena

#3895169 (149646.002)

shall be permitted to produce documents responsive to the subpoena on the subpoena response date, and such production shall not constitute a violation of this Protective Order.

### Application to Third Parties

15. This Protective Order shall govern all Discovery Material designated as "Confidential" produced by any third party if such third party requests the protections provided by this Protective Order. By invoking this Protective Order, any third party agrees to submit to the jurisdiction of this Court for the purposes of enforcement or interpretation of this Protective Order. Nothing in this paragraph shall require a party to advise third parties of this Protective Order.

### No Waiver

16. Entering into, agreeing to and/or producing or receiving Confidential Material or otherwise complying with the terms of this Protective Order shall not:

   (a) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by that party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Material;

   (b) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order; or

   (c) Operate as an admission of any fact by a party, and the parties agree that nothing contained in this Protective Order shall be used or characterized by any party as an admission by a party opponent.

### Amendments in Writing

17. This Protective Order may be amended only by written agreement between the parties or by order of the Court.

**Return of Confidential Information**

18. After the final disposition of the above-captioned proceeding and all appeals therefrom, whether by judgment, settlement, or otherwise, a Producing Party may demand that all Discovery Material designated as Confidential, and all copies thereof, be returned to the Producing Party, or, in the alternative, a Producing Party may request a certification that all such materials have been destroyed, including electronically stored information. Any person or entity under the jurisdiction of this Protective Order must comply with the demand within 60 days of receiving the demand. Notwithstanding the previous provisions of this paragraph, Outside Counsel may retain one electronic and on hard copy of any document filed with the Court.

**Effective date and survival of Protective Order**

19. The parties agree to be bound by the terms of this Protective Order until such time as the Court shall rule thereon, and, thereafter, the parties shall be bound by the ruling of the Court.

20. This Protective Order shall survive the termination of this litigation and the Court shall retain continuing jurisdiction to enforce its terms.

Dated: Jan. 28, 2010

_United States District Judge Mary L. Cooper_
Magistrate Lois H. Goodman

#3895169 (149646.002)