UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STACY HOLK,**<br><br>Plaintiff,<br><br>v.<br><br>**SNAPPLE BEVERAGE CORPORATION,**<br><br>Defendant. | Civil Action No. 07-3018 (MLC)<br><br><br>**ORDER** |

This matter was opened to the Court by way of correspondence from counsel for Plaintiff and the proposed Class dated June 18, 2010, advising the Court of a case recently decided in this district involving issues similar to those raised in this case. At the Court's request, counsel for both parties submitted their positions with regard to that recent decision, and the impact, if any, that it has on the conduct of this case. For the reasons set forth below, this Court orders that this matter be stayed for a period of six months, and further orders the parties to prepare a form of order submitting the issue of whether high fructose corn syrup, as used in Snapple beverages, is an all natural ingredient.

In Coyle v. Hornell Brewing Co, 08-2797 (JBS) (D.N.J. June 15, 2010) ("Coyle"), the plaintiff, Lauren Coyle, on her own behalf and on behalf of others similarly situated, challenges the labeling of the defendants' Arizona Iced Tea beverage as misleading because it contains the assertion that the product is "100% Natural." As in this case, the plaintiff in Coyle contends that because the beverage contains high fructose corn syrup ("HFCS"), it is not all natural. The defendants in Coyle moved to dismiss the complaint, arguing, inter alia, that the Court lacked primary jurisdiction over the dispute, and that the case should be referred to the United States Food and Drug Administration (the "FDA") for a determination as to whether HFCS in the

product at issue can be classified as all natural or not.

In an opinion authored by the Hon. Jerome B. Simandle, U.S.D.J., the court engaged in a thoughtful and comprehensive discussion of the role of the FDA in making such determinations. The court recognized that the FDA has followed a policy of considering whether an ingredient is "natural" on a case by case basis, Coyle at 7, and that the FDA has made no such determination with regard to HFCS.

Accordingly, the court considered whether to apply the doctrine of primary jurisdiction, noting that it is within a court's discretion to either stay or dismiss a complaint if the doctrine applies. Coyle at 8-9. The court looked at the four factors typically considered in determining whether to apply primary jurisdiction:

(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise;

(2) whether the question at issue is particularly within the agency's discretion;

(3) whether there exists a substantial danger of inconsistent rulings;

(4) whether a prior application to the agency has been made.

Coyle at 8-9 (quoting Clark v Actavis Group HF, 567 F. Supp. 2d 711, 715 (D.N.J. 2008)) (staying the proceeding, based upon a finding that all four factors had been met and primary jurisdiction therefore applied to issue relating to recall of medication).

The Coyle court found that all four factors relating to whether HFCS is all natural have been met. Coyle at 10. In so finding, Judge Simandle acknowledged that federal judges are certainly capable of making determinations of this kind, but then reasoned that "how a particular

2

enzyme or fixing agent affects a substance's qualification as 'natural'" is not "within the conventional experience of judges." Coyle at 10-11.  Such a determination is, however, within the discretion of the FDA.  Id.  Furthermore, and perhaps most important is the risk that different courts would reach different decisions on this issue, given the number of such cases currently pending.  Id. at 12.  Finally, the court noted that no prior application on this issue had been made by the court or the plaintiff.  Id. at 13.  As a result, the court exercised its discretion to stay the action and refer to the FDA the issue of whether HFCS is in fact a natural ingredient.

By letters dated June 18, 2010 and June 29, 2010, counsel for both parties in this case referred the Coyle decision to this Court for its consideration.  In its letter dated June 29, 2010, Defendant also referred the Court to the recent decision issued by the Southern District of New York in Weiner v. Snapple Beverage Corp., 07-8742 (DLC) (S.D.N.Y. June 22, 2010).  As in the Coyle case, the issues in Weiner bear a strong resemblance to those raised by Plaintiff here.  In a one page Order, Judge Cote of the Southern District declined to stay the proceeding, finding that various pending motions, including a motion for class certification and various Daubert motions, were ripe for adjudication and did not depend on any determination by the FDA.

During a telephone conference conducted on June 30, 2010, the Court invited counsel in this case to advise the Court of their respective positions with regard to whether a stay and a referral to the FDA is appropriate in this case for the same reasons as those set out by Judge Simandle in Coyle.  Counsel made their submissions on July 9, 2010. [Docket Entry Nos. 125, 126]. Both parties submitted that as in Weiner, the motions for class certification and various Daubert motions had been filed and were fully briefed.  Both parties contend that these motions can be decided without a determination by the FDA as to whether HFCS is all natural or not.

3

Neither submitted that any prejudice would result from taking the path chosen in Coyle, other than the resources expended in briefing the pending motions. Both parties further recognized that whether a stay should be entered is within the discretion of the Court.

By letter dated July 29, 2010, counsel for Defendant submitted a supplemental letter, advising the Court that a six month stay had been entered by the Northern District of California in Ries v Hornell Brewing Co., 10-1139 (JF) (N.D. Cal. July 28, 2010).  In Ries, the court analyzed the four factors relevant to a determination of primary jurisdiction and came to the same conclusion as the court in Coyle, that deferral to the FDA was appropriate.  The court noted that it shared the concern voiced by Judge Simandle that to do otherwise would leave open "the possibility of inconsistent judicial constructions of 'natural' and as to whether HFCS and citric acid are natural ingredients."  Ries at 9.

For the reasons so cogently analyzed and set forth in Coyle and reiterated in Ries, this Court finds that the four factors relevant to primary jurisdiction have been met.  The Court believes that it makes more sense to stay this action and seek the guidance of the FDA on whether HFCS is indeed a natural ingredient or not, given that this issue is fundamental to the case presented by Plaintiff.  The interests underlying such a determination, including comity and consistency of decision making, will be better served by referring this question to the agency charged with regulation of the product at issue.

The Court also finds that no party will be prejudiced by a stay of this proceeding.  While the pending motions have been fully briefed, and there is no doubt that the parties would like to see them resolved, this Court finds that no harm will result from administratively terminating those motions, with leave to re-file them without the need for further briefing once the stay has

been lifted.  Indeed, if the FDA decides to address this issue, it would certainly provide guidance to this Court going forward and could aid in resolution of some, if not all, of the issues raised.

Accordingly, this Court will stay this matter for a period of six months.  That time period may be extended for good cause shown, in the event the FDA shows a willingness to consider this issue but needs more time to do so.  If, on the other hand, the FDA declines to consider the issue, counsel are directed to notify the Court promptly so that the case can be returned to active status.  In addition, the currently pending motions for class certification and to disqualify certain experts from testifying [Docket Entry Nos. 56, 58, 64, and 74] will be denied without prejudice.  Once the case is restored to active status, the Court will re-list the motions upon request of counsel, without any party being required to file additional motion papers.

For the forgoing reasons, and for good cause shown,

**IT IS** on this <u>**10th**</u> day of **August, 2010,**

**ORDERED** that the Court will **STAY** this action for a period of six months from entry of this Order and refer to the United States Food and Drug Administration the issue of whether high fructose corn syrup qualifies as a natural ingredient; and it is further

**ORDERED** that counsel are to confer and submit an agreed upon form of Order for Referral to this Court within ten days of the date of entry of this Order; and it is further

**ORDERED** that the parties and counsel are to cooperate in expediting the presentation of

this question to the FDA, including assembling any materials or information required by the FDA; and it is further

**ORDERED** that counsel are to notify this Court promptly of any determination by the FDA; and it is further

**ORDERED** that Plaintiff's motion for class certification [Docket Entry No. 74] and the parties' motions to disqualify experts [Docket Entry Nos. 56, 58 and 64] are **DENIED WITHOUT PREJUDICE** to the parties' right to refile upon lifting of the stay ordered herein, by request of counsel without the need for the parties to physically re-submit any of the motion documents.

**LOIS H. GOODMAN**
**United States Magistrate Judge**