UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STACY HOLK, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SNAPPLE BEVERAGE CORPORATION,<br><br>    Defendant. | CIVIL ACTION<br><br>Civil Action No. 3:07-cv-03018-MJC-LHG |

**DEFENDANT SNAPPLE BEVERAGE CORPORATION'S
MEMORANDUM IN SUPPORT OF ITS UNOPPOSED
MOTION TO REOPEN CASE AND REINSTATE MOTIONS**

  Defendant Snapple Beverage Corporation ("Snapple") moves this Court to reopen this case and to reinstate those motions that were denied without prejudice at the time this case was terminated. Snapple has conferred with counsel for Plaintiff and she is not opposed to the relief sought herein.

  This matter was administratively terminated on September 9, 2010, after the Court referred to the FDA the question whether HFCS qualifies as a "natural" food ingredient. The Court made its referral after receiving notice from the parties of an identical referral made by Judge Jerome B. Simandle in Coyle v. Hornell Brewing Co., 1:08-cv-2797 (D.N.J. June 15, 2010). On September 16, 2010, Michael Landa, Acting Director of the Center for Food Safety and Applied Nutrition, notified Judge Simandle that the FDA had declined to determine whether HFCS qualifies as a "natural" ingredient. In response to Mr. Landa's letter, Judge Simandle ordered on September 23, 2010 that the stay in Coyle be dissolved and that the parties in that case convene a telephone scheduling conference to address, *inter alia*, the reinstatement of the plaintiff's motion for class certification and briefing and hearing of that motion.

Mr. Landa's letter fully addresses the subject of this Court's referral to the FDA by clearly indicating that the FDA *will not* determine via formal regulatory action whether HFCS is a "natural" ingredient. The FDA made its determination in light of several factors, including the length of time necessary to complete a formal regulatory proceeding and the FDA's decision to prioritize other matters. In light of the FDA's response to Judge Simandle, this case should be reopened and the parties' motions that were dismissed without prejudice at the time this action was administratively terminated should be reinstated.

## I.   BACKGROUND

This case was removed to the Federal District Court for the District of New Jersey on June 29, 2007. (Dkt. 1) The Court granted Snapple's motion to dismiss on June 13, 2008. (Dkt. 35) The Third Circuit Court Appeals subsequently reversed, and this case was reopened on October 13, 2009. (Dkt. 43) Plaintiff filed her Amended Class Action Complaint on December 28, 2009, (Dkt. 50), and the parties commenced expert and fact discovery.

Following the close of discovery, Plaintiff filed her Motion for Class Certification on May 7, 2010. (Dkt. 74) Snapple filed its response in opposition to class certification on June 4, 2010 (Dkt. 98), and Plaintiff filed her reply in support on July 1, 2010. (Dkt. 123) Plaintiff also filed on April 28, 2010 her Motion to Exclude the Expert Testimony of Keith R. Ugone , Ph.D. (Dkt. 64)[1] Snapple filed on April 12, 2010 its Motion to Exclude the Expert Testimony of Alan G. Goedde, Ph.D., and its Motion to Exclude the Expert Testimony of Lauran Schultz (Dkts. 56 & 58).[2]

---

[1] Snapple's opposition brief was filed on May 24, 2010. (Dkt. 89) Plaintiff filed her reply on June 1, 2010. (Dkt. 95)

[2] Plaintiff filed her opposition briefs on May 3, 2010. (Dkts. 67 & 68) Snapple filed its reply briefs on May 10, 2010. (Dkts. 77 & 78)

On June 18, 2010, the parties notified the Court of Judge Simandle's order in Coyle v. Hornell Brewing Co., No. 1:08-cv-2797 (D.N.J. June 15, 2010), staying proceedings in that case pending referral to the FDA of the question whether HFCS is a "natural" ingredient. (Dkts. 117 & 118)[3]  On July 7, 2010, the Court directed the parties to submit letter briefs no later than July 9, 2010 setting forth the parties' positions with respect to a stay in light of Coyle. (Dkt. 124) Snapple advised the Court that sound reasons existed to determine the pending class certification and expert disqualification issues prior to entering a stay, but acknowledged that an immediate stay would also be appropriate. (Dkt. 126)[4]

On August 10, 2010, the Court entered an order staying all proceedings in this case for six months pending referral to the FDA of the question whether HFCS is a natural ingredient. (Dkt. 135)  The Court directed the parties to "notify this Court promptly of any determination by the FDA," and ordered that Plaintiff's Motion for Class Certification and the parties' motions to exclude experts be denied without prejudice "to the parties' right to refile upon lifting of the stay . . . by request of counsel without the need for the parties to physically re-submit any of the motion documents." *Id.*

On September 2, 2010, the Court entered an order formally referring to the FDA the question "whether HFCS qualifies as a 'natural' food ingredient."  The Court further ordered that "should the FDA decline to consider the question within the allotted time, counsel are directed to notify the Court promptly so that the case can be returned to active status." (Dkt. 137)  On

---

[3]     On July 29, 2010, Snapple notified the Court of a nearly identical stay and referral ordered in Ries v. Hornell Brewing Co., No. 08-cv-2797 (N.D. Cal. July 28, 2010). (Dkt. 132)  Ries involved a challenge to labeling practices involving both HFCS and citric acid.  The question referred by the Court in Ries was "whether HFCS and citric acid are 'natural' ingredients." Ries v. Hornell Brewing Co., No. 08-cv-2797 (N.D. Cal. Aug. 24, 2010).
[4]     Plaintiff likewise advised the Court that FDA action was unnecessary to determine the pending class certification and expert disqualification issues. (Dkt. 125)

September 9, 2010, the Court ordered that this case be administratively terminated "with leave to any party to move . . . to reopen or for ancillary relief when appropriate." (Dkt. 138)

Less than two weeks later, on September 16, 2010, Michael Landa wrote a letter to Judge Simandle advising that the FDA had declined to provide a determination of the question whether HFCS qualifies as a "natural" ingredient. *See* Exhibit 1. Mr. Landa observed that a full, fair and transparent public proceeding to establish the meaning of "natural" would take two to three years to complete. He noted that such a timeframe would likely not be useful to the Court in resolving the case before it. *Id.* at 3. In addition, Mr. Landa observed that proceedings to define "natural" do not fit within the FDA's current priorities. *Id.*

In response to Mr. Landa's letter, Judge Simandle ordered on September 23, 2010 that the stay in Coyle be dissolved. *Id.* at 1-2. Judge Simandle further ordered that the parties convene a telephone scheduling conference to set a schedule for the "reinstatement of Plaintiff's motion for class certification . . . and for briefing and hearing of that motion." *Id.*

## II.  ARGUMENT

In light of Mr. Landa's September 16, 2010 letter, this case should be reopened and all briefing relating to Plaintiff's motion for class certification and the parties' respective motions to exclude experts should be reinstated. This relief is appropriate for at least two reasons.

First, reopening this case is appropriate because the FDA has declined to address the very question referred by this Court in its order of September 2, 2010. In its Order of Referral, this Court directed as follows:

> **ORDERED** that, pursuant to 21 CFR 10.25(c), this Court hereby refers to the FDA, for an administrative determination, the issue of whether HFCS qualifies as a "natural" food ingredient[.]

- 4 -

(Dkt. 137)  Judge Simandle used *identical* language in his Order for Referral in Coyle.  *See* Exhibit 2 at 2.  Mr. Landa repeated this language in the first paragraph of his September 16, 2010 letter when stating that the FDA "respectfully decline[s] to provide such a determination."  *See* Exhibit 1 at 3.

Second, the FDA's reasons for refusing to determine whether HFCS is "natural" are not exclusively directed at the referral in Coyle, but rather apply equally to the referrals in both Coyle and this case.  The two to three-year timeframe for public proceedings to determine the meaning of "natural" would prove just as unhelpful in this case as it would in Coyle.  In addition, the FDA's prioritization of issues other than determining whether HFCS is "natural" will undoubtedly guide its decision with respect to the referral in this case.

Because Mr. Landa's letter fully disposes of the issue referred by this Court, this case should be reopened and the parties' motions reinstated.

## III. CONCLUSION

For the reasons set forth above, Snapple respectfully requests that the Court grant this unopposed motion, reopen this case and reinstate all briefing with respect to Plaintiff's Motion for Class Certification, Plaintiff's Motion to Exclude the Expert Testimony of Keith R. Ugone, Ph.D., Snapple's Motion to Exclude the Expert Testimony of Alan G. Goedde, Ph.D., and Snapple's Motion to Exclude the Expert Testimony of Lauran Schultz.

- 6 -

Dated: October 12, 2010

Respectfully submitted,

/s/ Maureen P. Reid_____
Seth T. Taube (ST 6088)
Maureen P. Reid (MR 2326)
30 Rockefeller Plaza
New York, NY 10112
Tele:   (212) 408-2500
Fax:    (212) 408-2501
seth.taube@bakerbotts.com
maureen.reid@bakerbotts.com

Van H. Beckwith (admitted *pro hac vice*)
Ryan Bangert (admitted *pro hac vice*)
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Tele:   (214) 953-6500
Fax:    (214) 953-6503
van.beckwith@bakerbotts.com
ryan.bangert@bakerbotts.com

**ATTORNEYS FOR SNAPPLE BEVERAGE CORPORATION**